IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: FLONASE ANTITRUST LITIGATION | : : : : : : : : | CIVIL ACTION<br>CASE NO. 2:08-cv-3301 |

**EXPLANATION**

Plaintiffs filed this motion to compel defendant witness, Ms. Bowers, who is a former employee of the defendant, GlaxoSmithKline, to answer questions regarding her conversations with counsel at recesses during her deposition. Plaintiffs argue that, under federal law, off the record communications between deponent and counsel during these recesses are not protected by the attorney-client privilege and are therefore discoverable. Defendant responds that state law governs and that, under Pennsylvania state law, such communications are protected by the attorney-client privilege. I conclude that Pennsylvania state law governs this dispute and deny plaintiffs' motion to compel.

"In civil actions and proceedings with respect to an element of a claim or defense as to which state law supplies the rule of decision, the privilege of a witness . . . shall be determined in accordance with state law." Fed. R. Evid. 501. This is a diversity case and, in light of Rule 501, state law applies.

A district court exercising diversity jurisdiction must apply the conflict of law analysis that would be applied by the courts of the state in which it sits. See Samuelson v. Susen, 576 F.2d 546, 549 (3d Cir. 1978). Under Pennsylvania conflicts law, the first step is to determine

whether there is a true conflict of laws among the competing states.[1]  See Carbis Walker, LLP v. Hill, Barth and King, LLC, 930 A.2d 573, 578 (Pa. Super. 2007).  Absent a conflict, it is unnecessary to undertake an "interest analysis" to determine which state's law should apply.  See Samuelson, 576 F.2d at 551.  See also, Footnote 1.  Pennsylvania law governs.[2]

Relying on Hall v. Clifton, plaintiffs contend that a witness may not converse off the record once a deposition begins and that the content of any such conversation is discoverable. 150 F.R.D. 525, 529 (E.D. Pa. 1993).  However, state law provides no indication that such communications fall outside the attorney-client privilege.  See Estate of Kofsky, 487 Pa. 473, 482 (1979) (stressing that attorney-client privilege is necessary "to foster a confidence between client and advocate that will lead to a trusting and open attorney-client dialogue").  The attorney-client privilege protects confidential communications made by a client to his or her attorney, so long as the communications are related to the providing of legal services.  See Nationwide Mut. Ins. Co. v. Fleming, 924 A.2d 1259, 1264 (Pa. Super. 2007).  The privilege also applies to confidential communications made by an attorney to his or her client if disclosing them would "reveal confidential communications from the client."  Id.

---

[1] In this case, there are claims made under multiple states' laws.  The question of privilege does not attach to one particular claim.  Defendant argues that Pennsylvania is the only state with a significant interest in applying its law to this dispute but raises the notion, *arguendo*, that North Carolina may also have a slight interest.  However, no true conflict exists between North Carolina and Pennsylvania, because North Carolina law is silent on the precise matter at issue.  North Carolina law generally provides that the attorney-client privilege applies broadly.  See State v. Watkins, 672 S.E.2d 43, 47 (N.C. App. 2009) (stating that the attorney-client privilege applies when "(1) the relation of attorney and client existed at the time the communication was made, (2) the communication was made in confidence, (3) the communication relates to a matter about which the attorney is being professionally consulted, (4) the communication was made in the course of giving or seeking legal advice for a proper purpose although litigation need not be contemplated and (5) the client has not waived the privilege").  North Carolina law offers no indication that these principles are limited in the context of communication between witness and attorney during a deposition. See Mims v. Wright, 578 S.E.2d 606, 609 (N.C. App. 2003) ("[I]f the matter of which discovery sought is privileged, it is not discoverable, even if relevant, 'unless the interests of justice outweigh the protected privilege.'") (quoting Shelhorn v. Brad Ragan, Inc., 248 S.E.2d 103, 106 (N.C. App. 1978)).

[2] Defendant agrees that Pennsylvania law applies and plaintiff does not opine on this.

But, is there a privilege between the defense attorney here and this deponent? The party claiming attorney-client privilege must "initially set forth facts showing that the privilege has been properly invoked." Id. at 1266. To satisfy this burden, defendant must make four showings:

> (1) The asserted holder of the privilege is or sought to become a client,
> (2) The person to whom the communication was made is a member of the bar of a court, or his subordinate,
> (3) The communication relates to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing either an opinion of law, legal services or assistance in a legal matter, and not for the purposes of committing a crime or tort,
> (4) The privilege has been claimed and is not waived by the client.

Id. at 1264. I am satisfied that defendant has properly invoked the privilege.

Under prong (1), the party asserting attorney-client privilege must be the client. However, Bowers, the deponent, is a former employee of the defendant. An entity that is a party to a dispute may claim attorney-client privilege for employees who are authorized to act on its behalf. See Nat'l R.R. Passenger Corp. v. Fowler, 788 A.2d 1053, 1065 (Pa. Comwlth. 2001) (relying on Upjohn Co. v. United States, 449 U.S. 383 (1981)). Although the Court in Upjohn declined to rule on whether the scope of the attorney-client privilege should extend to communications between a corporate client and the client's former employees, many courts have since afforded such protection. See In re Allen, 106 F.3d 582, 606 (4th Cir. 1997) (holding that the Upjohn analysis applies equally to former employees); In re Coordinated Pretrial Proceedings in Petroleum Prods., 658 F.2d 1355, 1361 n.7 (9th Cir. 1981) (applying the Upjohn rationale to former employees, recognizing that they "may possess the relevant information needed by corporate counsel to advise the client . . . ."), *cert. denied*, 455 U.S. 990 (1982). But

see United States ex rel. Hunt v. Merck-Medco Managed Care, LLC, 340 F. Supp. 2d 554, 558 (E.D. Pa. 2004) (asserting that privilege does not protect discussions between former employees and corporate counsel at recesses during depositions). Because Bowers' testimony concerned matters within the scope of her former responsibilities with defendant corporation and because her conversations with defense counsel may be relevant to defendant's legal strategy, her communications with defense counsel fall within the attorney-client privilege.

Under prong (2), it is undisputed that defense counsel is a member of the bar of a court.

Under prong (3), the communications must relate to a legal matter and not to the commission of a crime or tort. Defendant has satisfied this requirement. Although defense counsel instructed Bowers not to respond to questions regarding the content of their communications at recesses during her deposition, Bowers did testify under oath that no witness coaching took place during those conversations. (Def.'s Mem. in Opp. to Mot. to Comp., 3). This testimony is sufficient to show that Bowers and defense counsel were not engaged in communications for the purposes of committing a crime or tort.

Under prong (4), there is no suggestion of waiver.

Once the party asserting the privilege makes an initial showing that the attorney-client privilege has been properly invoked, as defendant has done here, the burden shifts to the party seeking disclosure to show "that disclosure will not violate the attorney-client privilege, *e.g.*, because . . . some exception applies." Fleming, 924 A.2d at 1266. Plaintiffs have not demonstrated that any exception to the attorney-client privilege applies. Under Pennsylvania law, the application of the attorney-client privilege is subject to certain exceptions. Id. at 1265. For example, under the crime-fraud exception, communications between attorney and client are

not privileged when they are "in furtherance of the commission of criminal or fraudulent activity." Id. In addition, Pennsylvania permits a client to waive the privilege. Id. In this case, neither party contends that the communications between witness and counsel fall within the crime-fraud exception, nor that the privilege was waived. Plaintiffs, in their motion, do accuse defendant of attempting to "obfuscate the truth seeking process" by instructing Bowers not to answer questions pertaining to her communications with defense counsel at recesses during her deposition. (Pl.'s Mem. in Supp. of Mot. to Comp., 6). Plaintiffs state that Bowers "demonstrated a rather uncommon ability to recall specific details," and make much of an apparent disagreement between defense counsel and his partner over the law regarding attorney-client privilege. (Pl.'s Mem. in Supp. of Mot. to Comp., 4). Although Pennsylvania law provides that the "privilege may be forfeited if its exercise will only frustrate the interests of justice," plaintiffs' counsel's cross-examination of Bowers eliminates this concern. Fleming, 924 A.2d at 1265. Plaintiffs made an inquiry during the deposition regarding witness coaching. See Geders v. United States, 425 U.S. 80, 89 (1976) (holding that witness coaching is a proper subject of inquiry during cross-examination). Bowers specifically testified that she was not coached by her lawyer at recesses during her deposition. (Def.'s Mem. in Opp. to Mot. to Comp., 3). Furthermore, plaintiffs' counsel asked Bowers about her conversations with defense counsel during these recesses as a matter of general questioning. There was no suggestion or hint that counsel had been engaging in any improper conduct. Absent evidence of witness coaching by defendant or any other form of misconduct, I deny plaintiff's motion to compel.

s/Anita B. Brody    (6/30/10)

_____

ANITA B. BRODY, J.

**CF** on _____ to:              Copies **MAILED** on _____ to: