# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re FLONASE ANTITRUST LITIGATION | : |
| | : CIVIL ACTIONS |
| THIS DOCUMENT RELATES TO | : |
| | : No. 08-CV-3301 |
| Indirect Purchaser Actions | : |
| | : |
| | : |

## ORDER

**AND NOW**, this __18th___ day of June 2012, upon consideration of the Indirect Purchaser Plaintiffs' Motion for Class Certification (ECF No. 321) and Amended Motion for Class Certification (ECF No. 323), and the accompanying memoranda in support of and in opposition to these motions, the supplemental memoranda, the hearings on February 22 and February 27-29, 2012, the post-hearing briefs, the expert declarations, the *Daubert* motions and accompanying memoranda, and for the reasons set forth in the memorandum of today's date, it is **ORDERED** that Indirect Purchasers' motion for class certification is **GRANTED IN PART** and **DENIED IN PART**.

It is **FURTHER ORDERED** that:

I. The following indirect purchaser litigation class is certified pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) for the class period of August 2004 to March 2009:

   A. <u>With respect to the monopolization and UDTP claims</u>

   (1) *For the Class Period from August 2004 through March 2006*

   All persons or entities throughout the United States and its territories who from August 2004 through March 2006 purchased, paid for, and/or reimbursed for branded Flonase in any of the following four states—Arizona, Florida, Massachusetts, or Wisconsin.  These persons or entities must have also purchased, paid for, and/or reimbursed for an AB-rated generic fluticasone propionate nasal

spray equivalent of branded Flonase ("generic FP") from March 2006 to March 2009 in the same designated state in which the Flonase purchase was made.

(2) *For the Class Period from March 2006 through March 2009*

All persons or entities throughout the United States and its territories who from March 2006 to March 2009 purchased, paid for, and/or reimbursed for generic FP in the following states—Arizona, Florida, Massachusetts, or Wisconsin.

B. <u>With respect to the unjust enrichment claims</u>

(1) All persons or entities throughout the United States and its territories who from August 2004 through March 2006 purchased, paid for, and/or reimbursed for branded Flonase in any of the following three states—Arizona, Massachusetts, or Wisconsin. These persons or entities must have also purchased, paid for, and/or reimbursed for an AB-rated generic fluticasone propionate nasal spray equivalent of branded Flonase ("generic FP") from March 2006 to March 2009 in the same designated state in which the Flonase purchase was made.

C. For purposes of the class definition, the Flonase and/or generic FP drugs must have been intended for consumption by the class members, their families or their members, employees, plan participants, beneficiaries, or insureds.

D. The following are excluded from the class:
(1) GSK and its respective subsidiaries and affiliates;
(2) all governmental entities (except for government funded employee benefit plans);
(3) all persons or entities that purchased FP nasal spray, including Flonase, for purposes of resale or directly from GSK to the extent and solely to the extent of such purpose for resale or as a direct purchase;

    (4)  insured individuals covered by plans imposing a flat dollar co-pay that was the same dollar amount for generic as for brand name drug purchases;

    (5)  fully insured health plans, i.e. plans that purchased insurance from another third-party payor covering 100% of the plan's reimbursement obligations to its members; and

    (6)  insured individuals who purchased only generic FP (never branded Flonase) and whose health plans imposed a flat dollar co-pay applicable to generic drugs.

    E.  From August 2004 through March 2009 will be referred to as the "Class Period."

II.  Class claims, issues, and defenses are those outlined in the memorandum of today's date.

III.  The following class members are appointed as class representatives for claims under the laws of the following states:

| State | Class Representative |
|---|---|
| Arizona | Painters |
| Wisconsin | Painters |
| Florida | AFL, IBEW |
| Massachusetts | Kehoe |

IV.  **By July 9, 2012**, the parties shall submit a proposed class notice to the Court.

It is **FURTHER ORDERED** that GSK's Motion to Exclude the Expert Report and Testimony of Gordon Rausser (ECF No. 307), Indirect Purchaser Plaintiffs' Motion to Exclude the Report and Testimony of Bruce Stangle (ECF No. 338), and (3) Indirect Purchaser Plaintiffs'

3

4

Motion to Exclude the Report and Testimony of Robert P. Navarro (ECF No. 339) are all **DENIED**.

                                                                                                s/Anita B. Brody

                                                                                                 _____

                                                                                                   ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                        Copies **MAILED** on _____ to: