+UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE FLONASE ANTITRUST LITIGATION | |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION |
| Indirect Purchaser Actions | No. 08-3301 |
| | **Hon. Anita B. Brody** |
| MEDICAL MUTUAL OF OHIO, on behalf of itself and all others similarly situated, | |
| Plaintiff, | |
| v. | CIVIL ACTION |
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE plc, | NO. 12-4212 |
| Defendant. | **Hon. Anita B. Brody** |

# FINAL ORDER AND JUDGMENT

This matter came for a duly-noticed hearing on June 3, 2013 (the "Final Approval Hearing"), upon the Plaintiffs' Motion for Final Approval of Settlement between Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline, including GlaxoSmithKline LLC and GlaxoSmithKline plc ("GSK" or "Defendant") and Plaintiffs A.F. of L. A.G.C. Building Trades Welfare Plan ("AFL"), IBEW NECA Local 505 Health & Welfare Plan ("IBEW"), Painters District Council No. 30 Health and Welfare Plan ("Painters"), Medical Mutual of Ohio, Inc. ("MMOH"), and Andrea Kehoe ("Kehoe"), individually and on behalf of a class (collectively "Plaintiffs") in IBEW NECA Local 505 Health & Welfare Plan v. SmithKline Beecham Corp., No. 08-3301 (E.D. Pa.), and Medical Mutual of Ohio, Inc. v. SmithKline Beecham Corp., No. 12-cv-4212 (E.D. Pa.) (the "Actions"), (the "Motion").  GSK and Plaintiffs are collectively referred to as the Parties.  Due and adequate notice of the Settlement Agreement having been given to the members of the Settlement Class, the Final Approval Hearing having been held and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, and a determination having been made expressly pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that there is no justification for delay,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Final Order and Judgment hereby incorporates by reference the definitions in the Settlement Agreement dated December 6, 2012 (the "Settlement Agreement"), and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Actions and over all parties to the Actions and over all members of the Settlement Class.

3.      The Court finds that due process and adequate notice have been provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Settlement Class, notifying the Settlement Class of, among other things, the pendency of these Actions and the proposed Settlement with GSK.

4.      The notice provided was the best notice practicable under the circumstances and included individual notice to those members of the Settlement Class whom the parties were able to identify through reasonable efforts.  The Court finds that Notice was also given by publication in multiple publications as set forth in the Declarations of Daniel Coggeshall and Katherine Kinsella dated May 1, 2013.  Such notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

5.      Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all Settlement Class members of their right to object to the Settlement, the Plan of Allocation, including the SHP-Class Allocation Agreement ("Plan of Allocation"), and Class Counsel's application for incentive payments for named Plaintiffs, payment of attorneys' fees and reimbursement of expenses associated with the Actions.  A full and fair opportunity was accorded to all members of the Settlement Class to be heard with respect to the foregoing matters.

6.      The Court finds that, for settlement purposes, under the requirements of Rule 23 of the Federal Rules of Civil Procedure, the following Settlement Class is hereby certified:

> All persons throughout the United States and its territories who purchased and/or paid for, in whole or in part, fluticasone propionate nasal spray, whether branded Flonase or its AB-rated generic equivalents, intended for the consumption of themselves, their family members and/or household members, and all Third Party Payor entities throughout the United States and its territories

that purchased, paid for, administered and/or reimbursed for fluticasone propionate nasal spray, whether branded Flonase or its generic equivalents, intended for consumption by their members, employees, plan participants, beneficiaries or insureds.

The applicable time period for the Settlement Class is May 19, 2004 through March 31, 2009.

Third Party Payors are all health insurance companies, healthcare benefit providers, health maintenance organizations, self-funded health and welfare plans, and any other health benefit provider and/or entity that contracts with a health insurer acting as a third party administrator to administer their prescription drug benefits. These payors include such entities that may provide prescription drug benefits for current or former public employees and/or retirees, but only to the extent that such entity was at risk for the cost of the payment(s). For purposes of this definition, an entity "paid for" fluticasone propionate nasal spray (branded Flonase and/or its equivalents) if it paid some or all of the purchase price, or reimbursed any part of the purchase price paid by their members, employees, insureds, participants or beneficiaries.

7. Excluded from the Settlement Class are: (1) Defendant and its officers, directors, management, employees, predecessors-in-interest, successors-in-interest, assignees or affiliates, and subsidiaries; (2) the United States and/or State governments and their agencies and departments, except to the extent they purchased fluticasone propionate nasal spray (branded Flonase and/or its generic equivalents) for their employees or others covered by a government employee health plan; (3) all entities who purchased fluticasone propionate nasal spray (branded Flonase and/or its generic equivalents) directly from Defendant or its affiliates or purchased fluticasone propionate nasal spray (branded Flonase and/or its generic equivalents) for resale, to the extent and solely to the extent of such purchase as a direct purchaser or for resale; (4) any judge or special master who has presided over the Actions; (5) the health benefit plans listed in Exhibit A to the Settlement Agreement ("Settling Health Plans" or "SHPs"); and (6) those persons who would otherwise be members of the Settlement Class who have timely excluded

themselves from the Settlement Class and who are identified on the schedule attached hereto as Exhibit 1. No other individuals or entities have excluded themselves from the Settlement Class.

8. It is hereby determined that all members of the Settlement Class are bound by this Final Order and Judgment.

9. For purposes of settlement, the Court finds that the requirements of Rule 23 are satisfied as follows:

- a) The members of the Settlement Class are so numerous that joinder of all members is impracticable.

- b) In the context of settlement, there are common issues of law and fact as to whether the conduct challenged violates state antitrust and consumer protection statutes and/or constitutes unjust enrichment under various state laws.

- c) In the context of settlement, the claims of the named Plaintiffs are typical of the claims of the Settlement Class.

- d) In the context of settlement, Class Counsel will fairly and adequately protect and represent the interests of all members of the Settlement Class, and the interests of the named Plaintiffs are not antagonistic to those of the Settlement Class. The named Plaintiffs and the Settlement Class are represented by counsel who are experienced and competent in the prosecution of complex class action antitrust litigation.

- e) In the context of settlement, questions of law and fact common to the Settlement Class predominate over questions that may affect only individual members and a class action is superior to other available methods for the fair and efficient adjudication of these Actions.

10. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, as set forth in the Settlement Agreement and the Plan of Allocation, and finds that the Settlement Agreement and Plan of Allocation are, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Plaintiffs. This Court further finds that the parties' Settlement resulted from an extensive investigation of facts, complete discovery, expert analysis and reports, motion practice, and development of the case

for trial and that the Settlement set forth in the Settlement Agreement and Plan of Allocation are the result of *bona fide* and arm's-length negotiations conducted in good faith between experienced counsel representing the interests of Plaintiffs, the Settlement Class, and GSK. The Settlement is fair, reasonable and adequate in light of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3rd Cir. 1975), as explained in the accompanying memorandum.

11. The Court has held a hearing to consider the fairness, reasonableness and adequacy of the proposed Settlement, and has been advised that there have been two objections to the Settlement from purported members of the Class. Despite the fact that the objections were not timely filed and each objector failed to provide proof of class membership, the Court has considered and found the objections to lack merit.

12. Accordingly, the Settlement embodied in the Settlement Agreement and Plan of Allocation is hereby approved in all respects. The Parties are hereby directed to consummate the Settlement Agreement and Plan of Allocation in accordance with all of their terms and provisions, including the Termination provisions.

13. Subject to the terms set forth in paragraph 13 of the Settlement Agreement, if final approval is reversed, vacated, or otherwise modified on appeal, or if appellate review is sought and on such review final judgment is reversed, vacated, or modified, the Settlement Agreement shall be terminated upon the election of either (a) Plaintiffs, through Class Counsel, or (b) GSK.

14. Notwithstanding the provisions of any other paragraph of this Final Order and Judgment, if the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, or for any other reason does not become effective in accordance with its terms, then (a) the Settlement Agreement shall be of no force or effect, except for the payment of notice and

settlement administration costs from the Settlement Fund; and (b) the Settlement Fund, including any and all interest earned thereon, shall be returned to GSK less only the amount validly disbursed for the costs incurred in giving notice to the Settlement Class and administering the Settlement Fund during the interim period, and (c) any release pursuant to the Settlement Agreement shall have no force or effect, and (d) this Final Order and Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

15.  The Court approves the Plan of Allocation of the Settlement proceeds (net of attorneys' fees, reimbursed expenses, incentive awards, and costs of administration) proposed by Plaintiffs as fair, reasonable and adequate.  The Plan of Allocation proposes to distribute the net Settlement proceeds *pro rata* based on Class members' purchases of Flonase during the Class period, and does so fairly and efficiently.  The Court directs Rust Consulting, Inc., the Claims Administrator retained by class counsel and approved by the Court in the preliminary approval order, to distribute the net Settlement proceeds to Class members in the manner provided in the Plan of Allocation.

16.  Class members shall look solely to the net Settlement proceeds for settlement and satisfaction against Defendant of all claims that are released by this Order, and shall not under any circumstances be entitled to any further compensation from Defendant with respect to any claims released by this Order.  Except as provided by this Order, no Class member shall have any interest in the Settlement proceeds or any portion thereof.

17.  Any and all disputes arising out of or related to the Settlement, the Settlement Agreement, the Plan of Allocation, or claims administration, including attorneys' fees, must be

brought by Defendant, Plaintiffs, each member of the Settlement Class, and/or any other person or entity, exclusively in this Court.

18. The Court reserves exclusive and continuing jurisdiction, without affecting in any way the finality of this Final Order and Judgment, over the Settlement, Settlement Agreement and the Settlement Fund, the Plan of Allocation, the administration, consummation and interpretation of the Settlement Agreement or Plan of Allocation, and the enforcement of this Final Order and Judgment.  The Court also retains exclusive jurisdiction in order to resolve any disputes that may arise with respect to the Settlement Agreement, the Settlement, the Plan of Allocation, the Settlement Fund, or allocation of attorneys' fees and reimbursed expenses, to consider or approve administration costs and fees, and to consider or approve the amounts of distributions to members of the Settlement Class.  In addition, without affecting the finality of this Final Order and Judgment, Defendant, Plaintiffs and each Settlement Class member hereby irrevocably submit to the exclusive and continuing jurisdiction of the United States District Court for the Eastern District of Pennsylvania, for any suit, action, proceeding or dispute arising out of or relating to this Settlement or the Settlement Agreement or the applicability or interpretation of the Settlement Agreement, or the Final Order and Judgment, including, without limitation any suit, action, proceeding or dispute relating to the Release provisions therein, except that this submission to the Court's jurisdiction shall not prohibit: (a) any Released Party from asserting in the forum in which a claim is brought that the Release included in the Settlement Agreement is a defense, in whole or in part, to such claim or (b) in the event that such a defense is asserted in that forum and this Court determines it cannot bar the claim, the determination of the merits of the defense in that forum.

19. As used throughout this Order, references to the "Settlement Class," "members of the Settlement Class," or "Settlement Class members" refer to members of the Settlement Class and include any of their past, present or future officers, directors, stockholders, attorneys, employees, legal representatives, trustees, agents, parents, subsidiaries, general and limited partners, heirs, executors, administrators, purchasers, predecessors, successors and assigns, acting in their capacity as such.

20. Upon the Settlement Agreement becoming effective in accordance with its terms, Defendant and its past, present and future parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, general or limited partners, employees, agents, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, purchasers, and assigns of each of the foregoing) (the "Released Party" or "Released Parties"), are and shall be released and forever discharged from all manner of claims, demands, actions, suits, causes of action, damages whenever incurred, and liabilities of any nature whatsoever (whether such claims, demands, actions, suits, causes of action, damages or liabilities arise or are incurred before, during or after the date hereof), including costs, expenses, penalties and attorneys' fees known or unknown, suspected or unsuspected, in law or equity, that Plaintiffs or any member or members of the Settlement Class , whether or not they object to the Settlement and whether or not they make a claim upon or participate in the Settlement Fund, ever had, now has, or hereafter can, shall or may have, directly, indirectly, representatively, derivatively or in any other capacity relating to any conduct, events or transactions, prior to the date hereof, alleged or which could have been alleged in the Actions relating to fluticasone propionate nasal sprays (branded Flonase and/or its generic equivalents) (the "Released Claims"). Except for enforcing the Settlement Agreement, each member of the Settlement Class hereby covenants

and agrees that he, she or it shall not, hereafter, seek to establish liability against any Released Party based, in whole or in part, on any of the Released Claims. Without in any way limiting the definition of Released Parties, the following specific entities are Released Parties: SmithKline Beecham Corporation d/b/a GlaxoSmithKline; GlaxoSmithKline LLC; GlaxoSmithKline Holdings (America) Inc.; GlaxoSmithKline plc; Smith Kline Beecham plc; Glaxo Wellcome plc.; GlaxoSmithKline Finance plc.; GlaxoSmithKline Services Unlimited; and Smith Kline Beecham Limited. In addition, Plaintiffs and each Settlement Class member hereby expressly waives and releases, upon the Settlement becoming effective pursuant to paragraph 5 of the Settlement Agreement, any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. General Release — Claims Extinguished. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

or rights and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.  Plaintiffs and each Settlement Class member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this paragraph, but each Plaintiff and each Settlement Class member hereby expressly waives and fully, finally and forever settles and releases, upon the Settlement Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and each Settlement Class member also hereby expressly waives and fully, finally and forever settles and releases any and

all claims it may have against any Released Party under § 17200, et seq., of the California Business and Professions Code, or any similar, comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction or principle of common law, which claims are hereby expressly incorporated into the definition of Released Claims. The releases set forth above shall not release any claims arising in the ordinary course of business among Plaintiffs, Settlement Class members and the Released Parties concerning product liability, breach of warranty or contract (other than breach of warranty or contract based in whole or in part on any conduct challenged in the Actions), and/or personal or bodily injury, and/or any claims for costs of providing medical care for individuals allegedly injured by fluticasone propionate nasal spray products.

21. Plaintiffs and all members of the Settlement Class, the successors and assigns of any of them, and anyone claiming through or on behalf of any of them, whether or not they execute and deliver a proof of claim, are hereby permanently enjoined from commencing, instituting, causing to be instituted, assisting in instituting or permitting to be instituted on his, her or its behalf, whether directly, derivatively, representatively or in any other capacity, any proceeding in any state or federal court, in or before any administrative agency, or any other proceeding or otherwise alleging or asserting against the Released Parties, individually or collectively, any of the Released Claims in this Final Order and Judgment. The releases herein given by the Released Parties shall be and remain in effect as full and complete releases of the claims set forth in the Actions, notwithstanding the later discovery or existence of any such additional or different facts relative hereto or the later discovery of any such additional or different claims that would fall within the scope of the release provided in this Final Order and Judgment, as if such facts or claims had been known at the time of this release.

22. Plaintiffs, their counsel, and Claims Administrator will ensure that each claims form contains a copy of the releases set forth in paragraphs 11(a) through (c) of the Settlement Agreement. Each member of the Settlement Class or its authorized representative shall sign a claim form that contains a copy of the of the release set forth in paragraphs 11(a) through (c) of the Settlement Agreement as a precondition to receiving any portion of the Settlement Fund. The releases set forth above shall be binding and effective as to all Settlement Class members and each Settlement Class member shall be permanently barred and enjoined from asserting any Released Claims as defined herein.

23. The Settlement is not and shall not be deemed or construed to be an admission, adjudication or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendant or any Released Party or of the truth of any of the claims or allegations alleged in the Actions. The Settlement Agreement, including its exhibits, and any and all negotiations, documents and discussions associated with it, shall be without prejudice to the rights of any party, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendant, or of the truth of any of the claims or allegations contained in the complaints in the Actions or any other pleading or document, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Actions or in any other action or proceeding, except in connection with a dispute under this Settlement or an action in which this Settlement or the releases contained therein is asserted as a defense.

24. All claims in the Actions against GSK are hereby dismissed with prejudice and in their entirety, on the merits, and without costs. This Court shall retain jurisdiction as outlined above in paragraph 19 over the enforcement of the Settlement and Settlement Agreement.

25. The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties and to the Released Parties. Without limiting the generality of the foregoing, each and every covenant of and agreement in the Settlement Agreement by the Plaintiffs and their counsel shall be binding on each member of the Settlement Class.

26. Any data or other information provided by Settlement Class members in connection with the submission of claims will be held in strict confidence, available only to the Administrator, class counsel, and experts or consultants acting on behalf of the Settlement Class, and Defendant, Defendant's counsel, and experts or consultants acting on behalf of Defendant. In no event will a Settlement Class member's data or information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

27. The Court has reviewed Class Counsel's petition for an award of attorneys' fees and reimbursement of expenses. The Court determines that an attorneys' fee of 33 1/3% of the initial $35 million Settlement Fund (or $11,655,000), plus 33 1/3% of any sums that may become part of the Settlement Fund after the calculation provided for in the Plan of Allocation with respect to SHPs, and the reimbursement of $1,848,720.15 in expenses, is fair, reasonable, and adequate and that Settlement Class Counsel should be paid said amounts from the Settlement Fund.

28. Each of the five (5) named Plaintiffs are hereby awarded incentive payments as follows: $10,000 each to Medical Mutual of Ohio, the AFL Plan, the IBEW Plan, Painters District Council, and $5,000 to Andrea Kehoe for their efforts in representing the Settlement Class, which is in addition to whatever monies these plaintiffs will receive from the Class Settlement Fund pursuant to the Plan of Allocation and the method of distribution approved by the Court. The Court finds these awards to be fair and reasonable.

29. Plaintiffs shall file, not later than February 1, 2014, an accounting for distribution of the disbursement of the Settlement Fund remaining after the payment of claims administration costs and fees, and incentive payments and attorneys' fees and reimbursement of expenses provided in paragraphs 29 and 30 above.  The amounts to be paid pursuant to paragraphs 29 and 30 shall be paid from the Class Settlement Fund.

30. The Court hereby directs that this judgment of dismissal be entered by the clerk forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  There is no just reason for delay in the entry of this Final Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.  The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Plaintiffs and the Settlement Class against Defendants in the Actions, allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to Class members.

BY THE COURT:

6/19/2013                                    s/Anita B. Brody

Dated:_____           _____
                                             Anita B. Brody, Judge

# Exhibit 1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE FLONASE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Indirect Purchaser Actions | CIVIL ACTION<br><br>No. 08-3301<br><br>**Hon. Anita B. Brody** |
| MEDICAL MUTUAL OF OHIO, on behalf of itself and all others similarly situated,<br><br>                Plaintiff,<br><br>      v.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE plc,<br><br>                Defendant. | CIVIL ACTION<br><br>NO. 12-4212<br><br>**Hon. Anita B. Brody** |

**EXHIBIT 1 TO FINAL ORDER AND JUDGMENT**
**EXCLUSION FROM SETTLEMENT CLASS**

1. James O. Guleke II, No. 5 Randolph Place, P.O. Box 684091, Austin, Texas 78768