## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE FLONASE ANTITRUST LITIGATION | CIVIL ACTION |
| THIS DOCUMENT RELATES TO: | No. 08-3301 |
| Indirect Purchaser Actions | **Hon. Anita B. Brody** |

## MOTION TO ENFORCE CLASS SETTLEMENT
## AGAINST LOUISIANA ATTORNEY GENERAL

        Defendant GlaxoSmithKline LLC ("GSK") hereby moves to enforce the Indirect

Purchaser Class Action Settlement Agreement against the Louisiana Attorney General, who has

impermissibly filed a Flonase antitrust lawsuit against GSK that includes claims barred by the

December 2012 Indirect Purchaser Class Settlement Agreement.  In support of this Motion, GSK

avers as follows:

        1.      The Louisiana Attorney General filed a lawsuit against GSK in state court in

Louisiana on December 29, 2014 "with respect to purchases of and reimbursements for the

prescription drug Flonase and its generic equivalent, fluticasone propionate." (Exhibit "A" at

¶ 1).  The lawsuit is <u>identical</u> to the lawsuits filed in the *Flonase Antitrust Litigation* in this

Court, as it alleges that GSK filed "sham" citizen petitions with the United States Food and Drug

Administration (the "FDA") to delay FDA approval of a generic equivalent to Flonase

manufactured by a competitor, Roxane Laboratories.

        2.      Indeed, the Complaint filed by the Louisiana Attorney General is, quite literally, a

verbatim "cut-and-paste" copy of the original Complaint filed by the Indirect Purchaser Plaintiffs

in the *Flonase Antitrust Litigation* on July 14, 2008 (Dkt. 1).  <u>All</u> of the substantive paragraphs

of the Louisiana Complaint (¶ ¶ 12-86) were copied word-for-word from the Indirect Purchasers'

Complaint (¶ ¶ 5-80), and the Louisiana Complaint (¶ 72) covers the exact same time period as the Indirect Purchaser Complaint (¶ 65).

3.      Louisiana's damages claims include claims covered by the release and covenant not to sue provisions of both the Indirect Purchaser Settlement Agreement (Exhibit "B" at ¶ 11(b)) (Dkt. 566) and this Court's June 19, 2013 Final Order and Judgment (Exhibit "C" at ¶ 20) (Dkt. 606).  Louisiana is a member of the Indirect Purchaser Settlement Class, which expressly encompasses "State governments and their agencies and departments" "to the extent they purchased fluticasone propionate nasal spray (branded Flonase and/or its generic equivalents) for their employees or others covered by a government employee health plan."  (Ex. "B" at ¶ 1; Ex. "C" at ¶ 7(2)).

4.      Louisiana did not opt-out of the Settlement Class, and thus is bound by the release and covenant not to sue provisions in the Settlement Agreement and Final Order and Judgment.

5.      Although Louisiana's lawsuit is now pending in the Middle District of Louisiana after being removed by GSK to federal court (No. 15-55), this Court is the "exclusive" venue for this motion to enforce settlement and for Louisiana's lawsuit, given that it includes claims encompassed by the Settlement Agreement.  The Settlement Agreement (¶ 21) and Final Order and Judgment (¶ 18) expressly provide that this Court retains "exclusive and continuing jurisdiction" over any suit or dispute arising out of or relating to the Settlement Agreement, the applicability or interpretation of the Settlement Agreement, and the "enforcement of this Final Order and Judgment."  Also, both the Settlement Agreement (¶ 21) and the Final Order and Judgment (¶ 18) provide that each member of the Settlement Class "irrevocably submits" to the

"exclusive and continuing jurisdiction" of this Court for any suit or dispute arising out of or relating to the Settlement Agreement, including disputes relating to the release provisions.

6.      The Final Order and Judgment expressly provides that each member of the Settlement Class is "permanently enjoined" from commencing "any proceeding in any state or federal court" that alleged any claim released under the Settlement Agreement and the Final Order and Judgment.  (Exhibit "C" at ¶ 21).

7.      In further support of this Motion, GSK expressly incorporates by reference the additional facts and arguments set forth in the accompanying Memorandum of Law.

WHEREFORE, GSK respectfully submits that this Court should enjoin the Louisiana Attorney General from further pursuit of claims that were encompassed by the settlement in this litigation.

Respectfully submitted,

/s/ Stephen J. Kastenberg
Stephen J. Kastenberg
Burt M. Rublin
Jessica M. Anthony
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
(215) 665-8500

*Attorneys for Defendant*
*GlaxoSmithKline LLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2015, I filed and served through the

Court's ECF system a true and correct copy of the foregoing Motion to Enforce Class Settlement

Against Louisiana Attorney General, and also served the following counsel for the Louisiana

Attorney General by first-class mail:

**OFFICE OF THE ATTORNEY GENERAL,**
**STATE OF LOUISIANA**
James D. Caldwell
Keetsie T. Gunnels
Nicholas J. Diez
Stacie Deblieux
1885 North 3rd Street
Baton Rouge, LA 70802

**SHOWS, CALI & WALSH, LLP**
E. Wade Shows
628 St. Louis Street
Baton Rouge, LA 70802

**SALIM-BEASLEY LLC**
Robert L. Salim
1901 Texas Street
Natchitoches, LA 71457

**MEADE LAW LLC**
John Alden Meade
909 Poydras Street, Suite 1600
New Orleans, LA 70112

**MORROW MORROW RYAN & BASSETT**
James P. Ryan
Pat Morrow
P.O. Drawer 1787
Opelousas, LA 70571

**KANNER & WHITELEY LLC**
Allan Kanner
Conlee S. Whiteley
John R. Davis
701 Camp Street
New Orleans, LA 70130

**HAMMONDS, SILLS, ADKINS & GUICE LLP**
Alejandro Perkins
2431 South Acadian Thruway, Suite 600
Baton Rouge, LA 70808

**USRY, WEEKS & MATTHEWS, APLC**
T. Allen Usry
1615 Poydras Street, Suite 1250
New Orleans, LA 70112

/s/ Burt M. Rublin
Burt M. Rublin